IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-02-70-D |
| EUGENE ISIAH ROBERTS, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's *pro se* "Motion for Relief Via Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. No. 171], which was timely opposed by the government. Defendant seeks a reduction of his sentence of life imprisonment (with concurrent terms of 324 months and 240 months) imposed on May 28, 2003, for drug offenses involving cocaine base. His request is based on subsequent amendments of the United States Sentencing Guidelines that have been given retroactive effect. The Federal Public Defender was appointed to represent Defendant for purposes of the Motion, and has filed an Advisement [Doc. No. 179] to inform the Court of pertinent facts. These facts establish that the Court lacks authority to grant Defendant relief from his sentence.

Defendant stands convicted in this case of two violations of 21 U.S.C. § 841(a)(1), the penalties for which were determined by § 841(b)(1)(A) and § 841(b)(1)(B) respectively, and a violation of 21 U.S.C. § 856(a)(1). Prior to the convictions in this case, Defendant also had been convicted of other felony offenses that rendered him subject to a mandatory sentence of life imprisonment pursuant to § 841(a)(1)(A). Further, at sentencing he was held accountable for

101.496 kilograms of crack cocaine, an amount far in excess of the maximum quantity to which Amendment 750 of the Sentencing Guidelines applies.

A sentence reduction under § 3582(c)(2) is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See United States v. Hodge*, 721 F.3d 1279, 1280-81 (10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1293 (10th Cir. 2010); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). To determine whether an amendment would lower the applicable guideline range, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). In this case, applying Amendment 750 to the facts originally found by the sentencing judge in 2003, the offense level remains the same, and the applicable guideline range would not change. Further, it is well settled that retroactive amendments of the Sentencing Guidelines cannot affect a sentence required by statute. *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997). Therefore, Defendant is not eligible for relief from his prison sentence under § 3582(c)(2).

To the extent the public defender's Advisement presents facts that might draw into question the sentencing judge's factual findings and might suggest that relief is warranted for reasons other than amendments to the sentencing guidelines, the Supreme Court has held that § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691 (2010). Where a defendant "seeks to correct aspects of his sentence that were not affected by the crack cocaine amendments, 'they are outside the scope of the proceeding authorized by § 3582(c)(2).'" *United States v. Smith*, 510 F. App'x 720, 723 (10th Cir. 2013) (quoting *Dillon*, 130 S. Ct. at 2694). In fact,

2

the Supreme Court expressly held in *Dillon* that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Id*. 130 S. Ct. at 2692. Therefore, the Court finds that it cannot grant other relief in a proceeding under § 3582(c)(2).

IT IS THEREFORE ORDERED that Defendant's Motion for Relief Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 171] is DENIED.

IT IS SO ORDERED this 10th day of October, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE